### STATE of Vermont
### v. Dominic P. LADUE

[631 A.2d 236]

No. 91-313

July 1, 1993. Defendant Dominic Ladue appeals from a judgment entered after his conditional plea of guilty of aggravated assault and violation of Vermont's hate-motivated-crimes statute, 13 V.S.A. § 1455. Defendant challenges the constitutionality of 13 V.S.A. § 1455, claiming that the statute violates his First Amendment rights, is over-broad and violates his equal protection rights. We affirm.

Defendant pled guilty to aggravated assault motivated by defendant's perception of the victim's sexual orientation. Section 1455 provides that:

> A person who commits . . . any crime and whose conduct is maliciously motivated by the victim's actual or perceived . . . sexual orientation shall be subject to the following penalties:
>
> . . . .
>
> (3) If the maximum penalty for the underlying crime is five years or more, the penalty for the underlying crime shall apply; however, the court shall consider the motivation of the defendant as a factor in sentencing.

Defendant was sentenced to two-and-one-half to six years for the aggravated assault and one to four years for the hate-motivated crime.

Defendant argues that imposing criminal penalties solely because of the thoughts that motivated his criminal acts violates the First Amendment. The United States Supreme Court has recently addressed this issue and held the opposite. See *Wisconsin v. Mitchell,* — U.S. —, —, 113 S. Ct. 2194, 2202 (1993). The Court also held that penalty-enhancement statutes based on motivation are not overbroad and do not create a chilling effect on one's First Amendment rights. *Id.* at —, 113 S. Ct. at 2200.

Defendant's arguments under Vermont's free speech clause, Chapter I, Article 13 of the Vermont Constitution, were not raised at trial and are not preserved for appeal. See *In re Mullestein,* 148 Vt. 170, 175, 531 A.2d 890, 893 (1987) (state constitutional issue raised for the first time on appeal was not properly before Court).

Defendant also claims that the hate-motivated-crime statute violates the federal and state equal protection guarantees. The State argues that defendant waived his federal and state equal protection arguments because he failed to specify them at the June 10, 1991 change-of-plea hearing. Defendant, however, briefed an equal protection issue and impliedly raised it at the hearing. The equal protection claim that defendant preserved is not the one he argues on appeal. His preserved argument is that the statute establishes a class of persons based on race, sex, etc. — i.e., the victims of hate crimes — and favors them. The act does not treat similarly situated victims differently. It protects victims and society from crimes that are motivated by hate, whether this hate is directed at minority or majority members of a class. See, e.g., *Mitchell,* — U.S. at —, 113 S. Ct. at 2197 (hate-crime penalty imposed on black defendant who sought out white victim). Defendant's argument that the statute singles out a particular class of criminal defendants who are motivated by legislatively selected bigoted ideas and punishes them more severely than other similarly situated defendants was not preserved because it is raised for the first time on appeal. See *In re Mullestein,* 148 Vt. at 175, 531 A.2d at 893.

Defendant also argues that the sentence is illegal because § 1455 does not authorize a separate sentence for the hate-motivated crime, but only an enhanced sentence for the underlying crime. Criminal Rule 11(a) allows "review of the adverse determination of any specified pretrial motion." V.R.Cr.P. 11(a)(2). The stipulation for appeal on a conditional plea of guilty on the hate-crimes law states: "The only issue on appeal is the validity of the Hate Crimes Law, 13 V.S.A. §1455." Defendant's challenge to the sentence is not before us.

*Affirmed.*